803 F.2d 1050
 125 L.R.R.M. (BNA) 3110, 105 Lab.Cas. P 12,101
 ION CONSTRUCTION COMPANY, Petitioner-Appellee,
v.
DISTRICT COUNCIL OF PAINTERS NO. 16, AFFILIATED LOCAL UNION
NO. 3 of the INTERNATIONAL BROTHERHOOD of PAINTERS
and Allied Trades of America, AFL-CIO,
Respondents-Appellants.
 No. 84-2584.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 15, 1985.
Decided Oct. 31, 1986.
 
 Richard Hill, Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., for petitioner-appellee.
 David A. Rosenfeld, Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, Cal., for respondents-appellants.
 Appeal from United States District Court for the Northern District of California.
 Before NORRIS AND REINHARDT, Circuit Judges, and BURNS, District Judge*.
 PER CURIAM:
 
 
 1
 This is an action arising under section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. On cross motions for summary judgment, the district court found Ion Construction had effectively repudiated its prehire agreement with the union and vacated an arbitration award in the union's favor. The union now seeks to have the award reinstated, contending the repudiation issue is for the arbitrator, not the district court, to decide.
 
 
 2
 We find the repudiation issue was properly decided by the district court and AFFIRM the lower court's decision.
 
 FACTUAL BACKGROUND
 
 3
 In April 1982, Ion Construction entered into a contract to renovate and paint portions of a building in Oakland, California. Before beginning work on the project, Ion signed a prehire agreement with District Council of Painters, No. 16, Affiliated Local No. 3 ("Local No. 3").[1] During the period April to September 1982, Ion employed on this project six painters who had been referred by the union. All six were members of Local No. 3. None of the painters had ever worked for Ion previously. Ion never transferred any of those painters to any other job site. Ion laid off five of the six painters by May 1982; it laid off the sixth after the project was completed in September, 1982.
 
 
 4
 On March 31, 1983, Ion's attorney wrote a letter to the union stating "because the collective bargaining contract with Painters Local No. 3 ... was a prehire agreement, Ion Construction does not consider that contract to have any continuing force or effect. Ion Construction will not apply that contract to any of its current or future jobsites since it no longer considers the contract to be applicable to any of those sites." Ion made no attempt to send this letter to any of six painters whom it had employed in 1982.
 
 
 5
 The union filed a grievance against Ion and a hearing was set for July 20, 1983. Ion did not appear at the hearing, but responded prior to hearing by letter. (E.R. 45). This letter told the Grievance Committee that it did not believe it was bound by the collective bargaining agreement. The Committee nonetheless went ahead with its meeting, and found that a) Ion was bound to the current agreement; and b) had violated the agreement by failing to hire union painters, or to pay the appropriate wages and benefits. Ion was ordered to submit its books and records to audit and to pay all wages and benefits due.
 
 
 6
 Ion filed a petition in district court to vacate the arbitration award. The union answered and cross-petitioned to affirm the award. On cross motions for summary judgment, the district court held that Ion's letter to the union on March 31, 1983, repudiated the agreement, thus the grievance was not arbitrable. Ion Construction v. District Council of Painters, No. 16, 593 F.Supp. 233 (N.D.Cal.1984). The judgment vacated the arbitration award and disposed of the entire action. The union filed this appeal. We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 7
 We believe Griffith Construction v. United Brotherhood of Carpenters & Joiners, 785 F.2d 706 (9th Cir.1986) is controlling precedent in this case. In Griffith Construction our court expressly adopted the rule of decision applied by the district court in the instant case, 593 F.Supp. at 236, that, as between the court and an arbitrator, it is the former that should determine the effectiveness of an employer's alleged repudiation of a prehire agreement. 785 F.2d at 712 n. 5. See also A.T. & T. Technologies v. Communications Workers of America, --- U.S. ----, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable James M. Burns, U.S. District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 The union had a collective bargaining agreement with a large number of employers of painters in the East Bay area; as of the spring of 1982, that agreement was for the period 1981 to 1984. Ion's signing of the prehire agreement was the customary way for an employer to "sign on", thus binding itself to the duties and acquiring the rights of employer-signatories to the overall agreement. The agreement contained the usual clause requiring arbitration by a grievance committee of the typical disputes that surface between labor and management